# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1526V
Filed: June 14, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| ABIGAIL SIMS *and* DANIEL SIMS, *on Behalf of their Deceased Daughter*, A.E.S., | *<br>*<br>*<br>* | UNPUBLISHED |
| Petitioners, | * | |
| v. | * | Decision on Interim Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *<br>*<br>* | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Michael G. McLaren, Esq.*, Black McLaren, et al., PC. Memphis, TN, for petitioners.
*Voris E. Johnson, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

     On December 15, 2015, Abigail and Daniel Sims ("petitioners") filed a petition on behalf of their minor daughter, A.E.S., for compensation under the National Vaccine Injury Compensation Program.[2] Petitioners allege that A.E.S. died on December 16, 2013, as a result of the Pediarix (DTaP/IPV/HepB), Hib, PCV13, and RotaTeq vaccinations she received on that date. Petition, ECF No. 1.

---

[1]     Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2]     National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 16, 2017, petitioners filed a Motion for Interim Attorneys' Fees and Costs ("Motion for Interim Fees"), requesting $36,162.00 in attorneys' fees, and $41,758.04 in costs, for a total of $77,920.04.  ECF No. 31.  On July 5, 2017, respondent filed a response to petitioners' Motion for Interim Fees that contained no specific objection to the amount requested or hours worked, but instead asked that the undersigned exercise her discretion in determining the proper amount to be awarded.  ECF No. 32.

## I. Procedural History

Petitioners filed their petition on December 15, 2015.  ECF No. 1.  The initial status conference was held on February 5, 2016, during which petitioners were ordered to file outstanding medical records in support of their claim.  Order, ECF No. 8.

Petitioners filed medical records on February 24, 2016, and filed a statement of completion the following week.  ECF Nos. 9-10.  The next status conference was held on March 15, 2016, following which petitioners were ordered to file affidavits and respondent was ordered to file a status report indicating how he would like to proceed.  ECF No. 11.  Petitioners filed affidavits on March 29, 2016.  ECF No. 12.  On April 14, 2016, respondent filed a status report indicating that he intended to defend this matter.  ECF No. 13.  Respondent was ordered to file his Rule 4(c) Report.  Scheduling Order, issued April 18, 2016.

Respondent filed his Rule 4 Report on May 12, 2016.  A status conference was held on June 16, 2016, during which petitioner was ordered to file an expert report.  Order, ECF No. 15.

On February 14, 2017, petitioner filed an expert report from Dr. Robert Shuman and additional medical records.[3]  ECF No. 23.  Petitioner subsequently filed additional medical records and a compact disc containing supporting medical literature.  ECF Nos. 26-28.

A status conference was held on May 3, 2017, following which the undersigned ordered respondent to file an expert report.  Order, ECF No. 29.  Petitioner filed her Motion for Interim Fees on June 16, 2017, and respondent filed a response on July 5, 2017.  ECF Nos. 31-32.

On August 24, 2017, respondent filed expert reports from Dr. Christine McCusker and Dr. Brent Harris, as well as supporting medical literature.[4]  ECF Nos. 35-38.  A status conference was scheduled for October 11, 2017, to encourage the parties to discuss settling this matter.  Respondent's counsel stated that he would have to confirm with his client.  Respondent was ordered to file a status report advising whether his client was willing to entertain a settlement demand.  Order, ECF No. 39.

On November 20, 2017, respondent filed a status report that respondent intended on defending this case.  ECF No. 40.  A status conference was held on January 9, 2018, during

---

[3] In the interim, petitioner filed four unopposed motions for extensions of time to file expert reports, which were granted.  ECF Nos. 18-22.

[4] In the interim, respondent filed two unopposed motions for extensions of time to file expert reports, which were granted.  ECF Nos. 33-34.

which the undersigned ordered petitioner to file a supplemental expert report Dr. Shuman by June 15, 2018.[5]  ECF No. 41.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).  Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  One instance in which interim fees have been awarded is "where proceedings are protracted." *Avera*, 515 F.3d at 1352.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Under this approach, [t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  That product is then adjusted upward or downward based on other specific findings.  *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez* v. *Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id*.  This is known as the *Davis County* exception.  *See Hall* v. *Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.* v. *U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  *See McCulloch* v. *Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[6]

---

[5] The Motion for Interim Fees had been held due to encouragement by the undersigned that the parties discuss settlement of this case.  A settlement does not appear feasible.

[6] This fee schedule is posted on the court's website.  *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing.  *J.W. ex rel. Wilson* v. *Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017).  Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton* v. *Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo* v. *Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

Furthermore, some tasks are generally compensated at a reduced rate.  Attorneys who perform non-attorney-level work are compensated at a rate comparable to what would be paid to a paralegal.  *See O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott* v. *Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  Finally, some tasks are never compensable.  For instance, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews* v. *Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  And clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Non-compensable clerical and secretarial tasks include making travel arrangements, reviewing and paying invoices, setting up meetings, organizing files, scheduling conference calls, and reviewing files for consistency. *J.W.*, 2017 WL 877278, at *3; *Barry v. Sec'y of Health & Human Servs.*, No. 12-039V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen* v. *Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy* v. *Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).  Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella* v. *Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen*, 102 Fed. Cl. at 729.

### III. Discussion

A.      **Availability of Interim Fees**

The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F.3d at 1351.  The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees.  *Id.* at 1352.  But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods*, 105 Fed. Cl. at 154, and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).  The inquiry is simply whether there is "a good faith basis for the claim" and the denial of interim fees would "impose[] an undue hardship" in the circumstances of the case.  *Shaw*, 609 F.3d at 1375.  In making this determination, "the special master may consider any of the unique facts of a case."  *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted.  This case has been pending for three years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award."  *Woods*, 105 Fed. Cl. at 154; *see also, e.g., Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees).  Respondent does not dispute that there is "a good faith basis for [petitioner's] claim."  *Shaw*, 609 F.3d at 1375; *see Sharp-Rountree*, 2015 WL 12600336, at *3 (explaining that "petitioners are entitled to a presumption of good faith absent direct evidence of bad faith" and finding a good faith basis when respondent "declined to challenge [it]").  Petitioners have expended significant funds on experts in this case and with the current case load, this case will not proceed to hearing until later in 2020.  In sum, the circumstances of this case warrant an award of interim fees and costs, so as not to visit economic hardship on petitioners.

### IV. Discussion

A.      **Reasonable Rates and Time**

Petitioners request $36,162.00 in attorneys' fees.  ECF No. 31-2. The requested hourly rates, *see id*. at 11, are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel.  *See e.g., Autry v. Sec'y of Health & Human Servs.*, No. 16-785V, 2017 WL 6816711, at *3 (Fed. Cl. Spec. Mstr. Dec. 14, 2017); *Moore v. Sec'y of Health & Human Servs.*, No. 16-300V, 2017 WL 4173722, at *1 (Fed. Cl. Spec. Mstr. Aug. 15, 2017); *Reece v. Sec'y of Health & Human Servs.*, No 15-724V, 2017 WL 1967802, at *1 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).  Moreover, the number of hours expended in this case by petitioners' counsel appear to be reasonable.  Therefore, the undersigned awards the requested attorneys' fees.

**B.     Reasonable Costs**

Petitioners request a total of $41,758.04 in attorneys' costs. ECF No. 31-2. The requested costs consist of securing medical records and expert fees. Considering the in-depth analysis provided by petitioners' expert, the undersigned finds petitioner's requested costs to be reasonable.

### V. Total Award Summary

Based on the foregoing, the undersigned **GRANTS** petitioners' Motion for Interim Attorneys' Fees and Costs. Accordingly, the undersigned awards **$77,920.04,**[7] representing $36,162.00 in attorneys' fees and $41,758.04 in attorneys' costs, in the form of a check payable jointly to petitioners and petitioners' counsel, Michael G. McLaren, Esq. The clerk shall enter judgment accordingly.[8]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.