# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1526V
Filed: March 11, 2026

```
* * * * * * * * * * * * *    *    *
ABIGAIL SIMS and DANIEL SIMS, on    *
behalf of their deceased daughter, A.E.S.,    *
                                              *
                                              *
              Petitioner,                     *
v.                                            *
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
              Respondent.                     *
* * * * * * * * * * * * *    *    *
```

*Michael G. McLaren, Esq.,* Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Voris E. Johnson, Esq.,* US Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 15, 2015, Abigail and Daniel Sims ("petitioners") filed a petition on behalf of their minor daughter, A.E.S., for compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleged that A.E.S. died on December 16, 2013, as a result of the Pediarix (DTaP/IPV/HepB), Hib, PCV13, and RotaTeq vaccinations she received that day. Petition, ECF No. 1. Petitioners were found entitled to compensation and a decision awarding damages issued on January 8, 2025. ECF No. 106.

On February 7, 2025, respondent filed a motion for review of the ruling on entitlement. ECF No. 108. The matter was assigned to Judge Lerner, who ordered both parties to file supplemental briefs. ECF Nos. 110, 112. Both parties filed their respective briefs on May 23, 2025.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF Nos. 113-14. On June 10, 2025, Judge Lerner issued an order denying the motion for review. ECF No. 115. Judgment entered the following day. ECF No. 116.

On November 7, 2025, petitioners filed the instant motion for attorneys' fees and costs requesting $6,416.10 in personal costs and, on behalf of counsel, a total of $146,029.18, representing $143,953.10 in attorneys' fees and $2,076.08 in costs. Motion for Fees, ECF No. 120. Respondent filed his response on November 12, 2025, advising he was satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 121. Petitioners did not file a reply.

After consideration, petitioners' motion is **GRANTED in part**.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioners request the following hourly rates on behalf of the attorneys and staff who worked on this case:

| Name | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|
| MGM | - | - | $550 | $584 |
| WEC | $435 | $450 | $478 | $519 |
| CJW | $395 | $410 | $435 | $472 |
| HGF | - | - | $386 | $417 |
| Paralegals | $167 | $172 | $183 | $199 |

Most of the requested rates are consistent with what the attorneys and paralegals at the firm have previously been awarded. *See, e.g.*, *Cravotta v. Sec'y of Health & Human Servs.*, No. 23-2051V, 2025 WL 2452159 (Fed. Cl. Spec. Mstr. July 24, 2025); *Sims on behalf of A.E.S. v. Sec'y of Health & Human Servs.*, No. 15-1526V, 2023 WL 2234265 (Fed. Cl. Spec. Mstr. Feb. 27, 2023); *Gregory v. Sec'y of Health & Human Servs.*, No. 21-1857V, 2025 WL 1588104 (Fed. Cl. Spec. Mstr. Apr. 23, 2025).

However, the rates requested for HGF (Hallie Flanagan) require adjustment. Petitioners stated in their motion that Ms. Flanagan began practicing law at a firm in 2019. She joined counsel's firm in 2023 and provided "general assistance with vaccine injury cases". Ms. Flanagan attended the Vaccine Injury Program Bar Conference in 2024, and she was admitted to practice before the U.S. Court of Federal Claims in 2025. Petitioners argued Ms. Flanagan should be awarded $386 for 2024, as she had five years' experience in practice and this rate fell within the range established in the Fee Schedule for attorneys with 4-7 years' experience in 2024 ($305 - $407). They also argued that Ms. Flanagan should be awarded $417 for 2025, as she had six years' experience and this rate fell within the range established in the Fee Schedule for attorneys with 4-7 years' experience in 2025 ($328 - $438). Motion for Fees at 8-9.

Though the requested rates fall within the ranges established in the Fee Schedule, Ms. Flanagan did not have demonstrated vaccine experience in 2024 and was not admitted to practice

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at OSM Attorneys' Forum Hourly Rate Fee Schedules | Court of Federal Claims | United States. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

before this Court until 2025.[4] The rates at the higher end of the established ranges are generally reserved for "comparably experienced counsel who *also* have lengthy experience in the Program." *Carpenter v. Sec'y of Health & Human Servs.*, No. 21-2192V, 2023 WL 9119058, at *2 (Fed. Cl. Spec. Mstr. Dec. 5, 2023) (emphasis in original) (citing *McCulloch*, 2015 WL 5634323, at *17); *Davis v. Sec'y of Health & Human Servs.*, No. 21-2090V, 2025 WL 1927508, at *2 (Fed. Cl. Spec. Mstr. June 13, 2025) (same). Given her lack of experience in the Program, it is not appropriate to award Ms. Flanagan rates on the higher end of the experience ranges. Thus, I find it reasonable to compensate Ms. Flanagan at the rates of $336 for 2024 and $372 for 2025. Both rates fall within the ranges established in the Fee Schedule and reflect Ms. Flanagan's years of practice along with her experience in the Vaccine Program. The increased rate for 2025 reflects her additional experience in the practice of law in general, experience in the Vaccine Program specifically, and admission to the Court. Applying the reduced hourly rates to Ms. Flanagan's hours results in a **reduction of $2,931.50 in fees awarded**.[5]

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

[4] Having not yet been admitted to the bar of the U.S. Court of Federal Claims, Ms. Flanagan's 2024 rate could have been that of the highest paralegal rate. Nevertheless, she is awarded an attorney rate because she attended the vaccine bar conference that year.

[5] $336 x 6.7 hours = $2,251.20; $372 x 57.7 = $21,464.40; $26,647.10 (fees at requested rates) - $23,715.60 (fees at awarded rates) = $2,931.50.

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. The bulk of the time was spent preparing and briefing for the motion for review. Additionally, petitioners appropriately requested payment for hours billed after their second motion for interim fees was filed. No entries appear objectionable, nor did respondent raise any objection. Apart from the slight reduction to adjust Ms. Flanagan's hourly rates, the requested fees are awarded.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $2,076.08 in costs on behalf of counsel. Motion for Fees, Exhibit 2. This amount includes costs associated with postage, photocopies, and computer-assisted research. *Id*. These costs are routinely awarded in vaccine cases and are supported by the receipts filed.

Petitioners also request $6,416.10 in personal costs for mileage to meet with their attorneys, as well as probate fees and expenses to establish an estate on behalf of their deceased daughter for these proceedings. Motion for Fees, Exhibit 3. These costs are reasonable and supported by adequate documentation.

Petitioners are awarded $2,076.08 in costs incurred by counsel and $6,416.10 in personal costs.

### III.    Conclusion

Based on the foregoing, petitioners' Motion for Attorneys' Fees and Costs is **GRANTED in part**. Petitioners are hereby awarded a **total of $149,513.78**, representing $141,021.60 in attorneys' fees, $2,076.08 in costs incurred by counsel, and $6,416.10 in costs incurred by petitioners, **to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

> **s/Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).